UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID ROY ABBOTT,<br><br>             Petitioner,<br><br>v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>             Respondent. | Case No.: 2:24-cv-00328-APG-BNW<br><br>**Order Dismissing Action** |

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2254, initiated, *pro se*, on February 15, 2024, by David Roy Abbott, who is incarcerated at Nevada's High Desert State Prison. I will summarily dismiss this action because Abbott has not paid the filing fee or applied to proceed *in forma pauperis*, and because this is a successive habeas action and Abbott does not show that he has obtained authorization from the Ninth Circuit Court of Appeals to initiate such an action.

As an initial matter, Abbott has not paid the $5 filing fee for this action, and he has not filed an application to proceed *in forma pauperis*. However, looking past the matter of the payment of the filing fee, I find that this action must be dismissed for a more fundamental reason.

Abbott acknowledges in his habeas petition that it is successive. His petition is entitled "Proposed Second or Successive Petition." *See* Petition, ECF No. 1-1, p. 1. And, in the body of his petition, Abbott states that it is not his first federal habeas petition. *Id*. at 2. He provides the case numbers of two prior habeas actions he initiated in this Court: Case No. 3:14-cv-00599-

MMD-WGC and Case No. 2:23-cv-00558-CDS-VCF. *Id*. The Court's records reflect that in both of those cases he challenged the same conviction that he challenges in this case, his conviction in Case Nos. CR09-1603 and CR09-1604 in Nevada's Second Judicial District Court (Washoe County). *Compare id*. at 2 *with* ECF Nos. 12-7 and 12-8 in Case No. 3:14-cv-00599-MMD-WGC, and ECF No. 1-1 in Case No. 2:23-cv-00558-CDS-VCF. Abbott acknowledges he has not obtained permission from the Ninth Circuit Court of Appeals to file a successive habeas petition. ECF No. 1-1 at 2.

      Abbott's petition in Case No. 3:14-cv-00599-MMD-WGC was dismissed as barred by the statute of limitations. *See* ECF Nos. 21, 22 and 25, in Case No. 3:14-cv-00599-MMD-WGC. The dismissal of that action on statute of limitations grounds means that subsequent federal habeas petitions filed by Abbott are successive. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal of habeas petition for failure to comply with statute of limitations renders subsequent petitions successive because "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims").

      Abbott's petition in Case No. 2:23-cv-00558-CDS-VCF was dismissed upon screening—as this one will be—because it was successive and there was no showing that Abbott obtained authorization from the court of appeals. *See* ECF Nos. 5, 6 and 10 in Case No. 2:23-cv-00558-CDS-VCF.

      A successive habeas petition may not be filed in this Court unless the petitioner has obtained authorization from the Ninth Circuit Court of Appeals to do so. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application."). Abbott has made no showing that he has obtained such authorization from the court of appeals. Therefore, I will dismiss this action.

I THEREFORE ORDER that this action is **DISMISSED**.

I FURTHER ORDER that, as reasonable jurists would not find this order to be debatable, the petitioner is denied a certificate of appealability.

I FURTHER ORDER that the Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated: February 16, 2024

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE